UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ATWELL, LLC,

    Plaintiff,

Case No. 11-CV-12376

v.

HONORABLE DENISE PAGE HOOD

STEVEN D'ANNA,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR CONTEMPT

**I.    BACKGROUND**

This matter is before the Court on Plaintiff's Motion for Contempt and Request for Immediate Consideration and Continuation of Preliminary Injunction Hearing **[Docket No. 36, filed on July 26, 2011]**. Defendant did not file a response.

On June 2, 2011, Atwell filed a First Amended Complaint ("Complaint") against D'Anna. Atwell alleges the following counts: Injunctive Relief (Count I); Breach of Contract (Count II); Breach of Duty of Loyalty (Count III); Breach of Fiduciary Duty (Count IV); and Misappropriation of Trade Secrets and Violation of the Uniform Trade Secrets Act (M.C.L. 445.1901, et seq.).

On December 15, 2009, D'Anna entered into an employment agreement ("Employment Agreement) with Atwell, which contained non-competition, non-solicitation, and confidentiality provisions. (Complaint ¶¶ 6, 39). Through his employment with Atwell, Atwell claims D'Anna had access to and received trade secrets, as well as other confidential and proprietary information including, but not limited to, information regarding customers, vendors, marketing, distribution, pricing, financial performance, costs, and strategic planning and personnel information. If this information was disclosed to a competitor, it would provide the competitor with a substantial and unfair competitive advantage. (Complaint ¶ 35).

Under the Employment Agreement, D'Anna was to serve as Vice President from December 15, 2009 until December 15, 2012 unless terminated earlier under the terms of the agreement. (Complaint ¶ 11). As consideration for entering into the Employment Agreement, D'Anna received benefits such as salary, ownership in Atwell, and forgiveness of debt D'Anna owed to his prior employer. (Complaint ¶ 15).

D'Anna informed Atwell of his intent to leave the company, due to a family illness requiring him to relocate. (Complaint ¶ 16). Atwell claims that it later learned that D'Anna had accepted a position in New Jersey with its direct competitor, Bohler Engineering. (Complaint ¶ 17). Atwell also discovered that, prior to leaving Atwell, D'Anna had transferred numerous confidential and proprietary Atwell documents from his company-issued laptop to a non-company hard drive, and used his company-issued cell phone to make and receive calls over a period of months to and from numbers associated with Bohler (Complaint ¶ 18, 19).

Atwell sought, and was granted, a temporary restraining order enjoining D'Anna from employment with Bohler, or providing any other assistance to Bohler **[Docket No. 12, June 6, 2011]**. The temporary restraining order also required that D'Anna, and anyone acting with D'Anna or on D'Anna's behalf, be enjoined from using or disclosing to any person Atwell's trade secrets and confidential information, and from directly or indirectly soliciting anyone who has access to Atwell's proprietary, confidential or trade secret information to work for any other company, including Bohler.

On June 21, 2011, a motion for preliminary injunction hearing began before this Court. The hearing was continued until August 8, 2011, and the Court entered an Order to extend the temporary restraining order until the hearing on the motion for preliminary injunction was completed. Arguing that D'Anna was not in compliance with this Court's Order–specifically by continuing employment at Bohler– Plaintiff brings this Motion for Contempt.

**II.     LAW AND ANALYSIS**

There are two types of contempt: criminal and civil. The real distinction between criminal and civil contempt is the nature of the relief sought and the purpose of that relief. *Penfield Co. v. SEC,* 330 U.S. 585 (1947). A contempt proceeding is civil if the purpose is "remedial" and intended to coerce the person into doing what he is supposed to do. *Shillitani v. U.S.*, 384 U.S. 364 (1966). Civil contempt is to coerce future compliance with the order and to compensate the opposing party for the party's violation of an order. *United States v. Bayshore Associates, Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991). Remedial or compensatory action are essentially backward looking, seeking to compensate the complainant through payment of money for damages caused by past acts of disobedience. *Garrison v. Cassens Transport Co.,* 334 F.3d 528, 543 (6th Cir. 2003)(quoting *Latrobe Steel Co. v. United Steelworkers,* 545 F.2d 1336, 1344 (3d Cir. 1976)). Wilfulness is not a necessary element of civil contempt. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1948); *TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983). The burden of proof in a civil contempt proceeding is on the party seeking a contempt order but need not be beyond a reasonable doubt. *Int'l Union, United Mine Workers of America, v. Bagwell,* 512 U.S. 821, 827 (1994).

Civil contempt sanctions, or those penalties designed to compel future compliance with a court order, are coercive sanctions and avoidable through obedience. *Id.* at 827. Civil sanctions may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. *Id.* If the purpose is to vindicate the court's authority by using "punitive" measures or punishing the wrongdoer, the proceeding is one for criminal contempt. *Garrison,* 334 F.3d at 543.

Criminal contempt is a crime and the penalties, including imprisonment and noncompensatory fines, may not be imposed without the protections of the Constitution required in criminal proceedings. *Int'l Union, United Mine Workers of America,* 512 U.S. at 826, 838. The rules governing criminal

contempt are found in Fed.R.Crim.P. Rule 42(b). For "serious" criminal contempt proceedings involving imprisonment of more than six months or noncompensatory and excessive fines, these protections include the right to a jury trial. *Id.* at 826-27, 838-39.

In this case, Plaintiff seeks a contempt holding for D'Anna's failure to comply with this Court's temporary restraining order. Specifically, paragraph one of the temporary restraining order enjoined D'Anna from "[v]iolating the terms of the December 15, 2009 Employment Agreement between Atwell and D'Anna." **[Docket No. 12, June 6, 2011]**. Atwell supplemented its Motion for Contempt by providing declarations attesting that D'Anna's vehicle was parked in Bohler's parking lot during business hours, and submitted photographs purporting to demonstrate the same. *See Decl. of Rhonda Muziani in Supp. of Pl.'s Mo. for Contempt* and *Second See Decl. of Rhonda Muziani in Supp. of Pl.'s Mo. for Contempt.* Based on the representations made by the parties during the August 8, 2011 hearing, whether D'Anna continued work at Bohler Engineering ("Bohler") after the temporary restraining order was issued is not in dispute. D'Anna represents that he submitted a formal resignation on August 4, 2011, that was effective immediately.

Defendant has previously argued that Plaintiff cannot enforce the restrictive covenant contained in the contract because Plaintiff is in breach of its own contract. Defendant's argument goes to the question at the center of this lawsuit. However, the temporary restraining order entered by this Court unambiguously stated that D'Anna was to refrain from violating the terms of the Employment Agreement. D'Anna's assertion of an affirmative defense does not nullify the Court's order.

As D'Anna admits he continued working at Bohler Engineering after the entry of this Court's order, the Court finds that D'Anna is in civil contempt of the Order Granting Plaintiff's Motion for Temporary Restraining Order **[Docket No. 12, filed on June 6, 2011]** and the Order Extending the Temporary Restraining Order **[Docket No. 32, filed on June 22, 2011]**. Defendant must pay

4

attorneys' fees and costs, limited to those associated with the preparation, filing, and arguing of Plaintiff's Motion for Contempt.[1]  Plaintiff must submit an affidavit and supporting documentation setting forth the total amount of these specific fees and costs.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Contempt and Request for Immediate Consideration and Continuation of Preliminary Injunction Hearing **[Docket No. 36, filed on July 26, 2011]** is GRANTED.

                                        s/Denise Page Hood
                                        United States District Judge

Dated:  August 11, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 11, 2011, by electronic and/or ordinary mail.

                                        s/LaShawn R. Saulsberry
                                        Case Manager

---

[1] Defendant's request for costs and attorneys fees related to the Motion to Transfer may be brought as a separate request.